532 S.E.2d 883

**In the Matter of Shirley L. JOHNSON, Goose Creek Municipal Judge, Respondent.**

**No. 25137.**

Supreme Court of South Carolina.

Submitted May 23, 2000.

Decided June 5, 2000.

Attorney General Charles M. Condon, Senior Assistant Attorney General James G. Bogle, and Henry B. Richardson, Jr., all of Columbia, for the Office of Disciplinary Counsel.

Grover C. Seaton, III, of Moncks Corner, for respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21 of the Rules for Judicial Disciplinary Enforcement (RJDE), Rule 502, SCACR. In the agreement, respondent admits miscon-

duct and consents to a public reprimand. We accept the agreement and publicly reprimand respondent. The facts set forth in the agreement are as follows.

### Abeyance Matters

In 1997, a defendant pled guilty to careless operation of a motor vehicle. Following defendant's guilty plea, respondent conducted a trial. She heard testimony and offered defendant the opportunity to cross-examine the witnesses.

Although defendant had pled guilty, respondent held his ticket in abeyance and then dismissed it a week later. The holding of the ticket in abeyance was an improper procedure under South Carolina law.

From 1995 to 1997, respondent held other cases in abeyance. Respondent was following a practice which had been in place before she became a Municipal Court Judge. The cases held in abeyance were a minority of the total number of cases heard by her during that time, but respondent understands now that practice was not authorized under South Carolina law, and has discontinued the practice.

### Disqualification Matter

In 1993, an arrest warrant was taken out against respondent's grandson by the mother of the grandson's girlfriend. Respondent heard the probable cause evidence against her grandson and signed the warrant against him. Respondent also conducted the bond hearing for her grandson on the same day. The Magistrate's Bench Book states that if a magistrate must disqualify herself, an interim judge may be appointed in place of the disqualified judge. No interim or replacement judge was obtained to consider the arrest warrant or the bond hearing.

Respondent's grandson fell within the prohibition and relationship set forth in Canon 3(E)(1)(d) of the Code of Judicial Conduct, yet respondent did not disqualify herself. While respondent did disclose the family relationship to the girlfriend and the police officer involved, she did not follow the procedure required by Canon 3(F) of the Code of Judicial Conduct, Rule 501, SCACR (requiring disclosure of the relationship and an agreement by the parties that the judge not be disqualified).

## Conclusion

Respondent has violated Rule 7(a)(1) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR (violation of the Code of Judicial Conduct).

Further, respondent has violated the following Canons from the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (a judge shall uphold the integrity and independence of the judiciary), Canon 2 (a judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities), and Canon 3 (a judge shall perform the duties of judicial office impartially and diligently).

Respondent's conduct warrants a public reprimand. Accordingly, respondent is hereby publicly reprimanded.

PUBLIC REPRIMAND