# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Goose Creek Municipal Court Judge
Shirley Lydia Johnson, Respondent.

Appellate Case No. 2014-000816

---

Opinion No. 27449
Submitted September 10, 2014 – Filed October 1, 2014

---

## PUBLIC REPRIMAND

---

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P.
Turner, Jr., Assistant Disciplinary Counsel, of Columbia,
for Office of Disciplinary Counsel.

Grover C. Seaton, III, Esquire, of Seaton Law Firm, LLC
of Moncks Corner, for respondent.

---

**PER CURIAM:**   In this judicial disciplinary matter, respondent and the Office of
Disciplinary Counsel have entered into an Agreement for Discipline by Consent
(Agreement) pursuant to Rule 21 of the Rules for Judicial Disciplinary
Enforcement (RJDE) contained in Rule 502 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to
the imposition of a public reprimand.  We accept the Agreement and issue a public
reprimand.  The facts, as set forth in the Agreement, are as follows.

## Facts

Respondent's grandson was charged with Driving under Suspension, 1st offense.
The matter was pending before a magistrate.  Respondent contacted the
magistrate's office and identified herself as a judge in the telephone conversation.
Respondent did not place the call in an attempt to get the charge dismissed but to
facilitate her grandson's plea as he was currently incarcerated on other matters.

Respondent submits she identified herself as a judge to let the magistrate's office know that she knew the law and not in an attempt to use her position for her grandson's advantage.

Thereafter, respondent wrote to the magistrate and said she was writing on behalf of her grandson. She forwarded a money order for the fine and a letter in which the grandson requested to plead guilty in his absence for time served. In the letter, respondent identified herself as a judge and told the magistrate that she found her staff rude.

The magistrate returned the money to respondent with a letter explaining that since respondent said in a telephone conversation that her grandson was represented by counsel, the plea needed to be handled by the grandson's attorney. In response, respondent sent a second letter resending the money order and stating the attorney only represented the grandson in General Sessions Court and that respondent was handling her grandson's affairs while he was in prison.[1] Respondent again asked that her grandson be tried in his absence and fined.

Respondent asserts she never intended to use her position as a judge to help her grandson and that she was just trying to enable him to plead guilty to the charge. Respondent submits she did not identify herself as a judge in the second letter and that she did not write either letter on court stationery or letterhead.

Respondent since hired a lawyer to represent her grandson and the Driving under Suspension charge was resolved with a plea. Respondent is aware that she should not have used her title in speaking to the magistrate's office and regrets her conduct. Respondent submits she will not repeat her conduct in the future.

## Law

Respondent admits that by her conduct she has violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity and independence of judiciary); Section 1A of Canon 1 (judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that integrity and independence of judiciary will be preserved); Canon 2 (judge shall avoid impropriety and appearance of impropriety in all judge's activities); Section 2A of Canon 2(judge shall respect and comply with the law and shall act at all times in manner that

---

[1] Respondent is not a lawyer.

promotes public confidence in integrity and impartiality of judiciary); and Section 2B of Canon 2 (judge shall not allow family to influence judge's judicial conduct or judgment; judge shall not lend prestige of judicial office to advance private interests of judge or others).                              .

Respondent also admits she has violated the following Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR:  Rules 7(a)(1)(it shall be ground for discipline for judge to violate Code of Judicial Conduct) and Rule 7(a)(9) (it shall be ground for sanction for judge to violate Judge's Oath of Office contained in Rule 502.1, SCACR).

## Conclusion

We find respondent's misconduct warrants a public reprimand.[2]  Accordingly, we accept the Agreement and publicly reprimand respondent for her misconduct.

**PUBLIC REPRIMAND.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**

---

[2] Respondent's disciplinary history includes a public reprimand.  In the Matter of Johnson, 341 S.C. 30, 532 S.E.2d 883 (2000).